IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Randall W. Baith | : | Case No. 2:07-CV-845 |
| Plaintiff | : | Judge Marbley |
| v. | : | Magistrate Judge Abel |
| Columbus Maple Glen Apts., LLC | : | |
| Defendant | : | |

## Report and Recommendation

Plaintiff Randall W. Baith brings this action alleging that the defendant Columbus Maple Glen Apartments, LLC violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, and O.R.C. §§ 4111, *et seq*. This matter is before the Magistrate Judge on Defendant's November 2, 2007 motion to vacate default judgment and for leave to file an answer in response to plaintiff's complaint.  (Doc. 9).

Arguments of Parties:

Defendant argues that the default judgment should be vacated pursuant to the excusable neglect standard of Rule 60(b), Fed. R. Civ. P. and due to the fact that Defendant was not provided the specified time to respond to Plaintiff's motion for default judgment.  Defendant states that Rule 60(b), Fed. R. Civ. P. factors are met: Mayank Patel's inadvertent failure to notify Defendant's statutory agent of his change in address was not culpable conduct; Plaintiff will not be prejudiced by vacating the default entry

since the delay would not result in tangible harm; and Defendant has meritorious defenses to Plaintiff's complaint regarding Plaintiff's hours worked.

Plaintiff responds to Defendant's motion, arguing that the entry of default should be upheld pursuant to Rule 55(c), Fed. R. Civ. P. Plaintiff argues that Defendant's conduct was culpable since Defendant did not promptly fulfill its duty to update its address with CSC.  Plaintiff also argues that Defendant's defenses are conclusory and general denials of wrongdoing.  They lack merit.  Plaintiff argues that because Defendant failed to establish the first two factors needed under Rule 55(c), Fed. R. Civ. P., the absence of demonstrable prejudice to Plaintiff is irrelevant.

Defendant replies that the same factors control in determining a motion to set aside an entry of default under Rule 55(c), Fed. R. Civ. P. as in vacating a default judgment under Rule 60(b), Fed. R. Civ. P.  Defendant then reiterates the arguments made in the original motion.

<u>Facts Relevant to Decision:</u>

Plaintiff initiated this lawsuit on August 23, 2007.   In his original complaint, plaintiff Randall W. Baith asserted four causes of action against defendant Columbus Maple Glen Apartments, LLC:  failure to pay for all hours worked and failure to pay the legally mandated overtime premium violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, recordkeeping violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, failure to pay for all hours worked and failure to pay the legally mandated overtime premium violations of the Ohio Minimum Fair Wage Stand-

ard Act and O.R.C. §§ 4111, *et seq.*, recordkeeping violations of the Ohio Minimum Fair Wage Standard Act and O.R.C. §§ 4111, *et seq*.

Service was executed on August 24, 2007 for Defendant through its statutory agent, Corporate Service Company-Lawyer Incorporating Service. (Doc. 9, Exhibit 1). Corporate Service Company forwarded the summons and Complaint on August 24, 2007 via Federal Express, to Mayank Patel, the person at Defendant's who handles its legal documents. (Doc. 9, Exhibit 1). On August 30, 2007 the Federal Express package containing the summons and Complaint was returned to Corporate Service Company as undeliverable. (Doc. 9, Exhibit 1). Corporate Service Company then sent the summons and complaint by ordinary mail, but they never received a response to the letter. (Doc. 9, Exhibit 1). Mayank Patel had moved from his registered address in July 2007 and had inadvertently failed to provide Corporate Service Company with his new address. (Doc. 9, Exhibit 2). No answer or responsive pleading was filed by Defendant.

On October 10, 2007, Plaintiff requested an entry of default for Defendant. (Doc. 6). On October 10, 2007, Defendant was served a copy of the Plaintiff's motion for entry of default. (Doc. 9, Exhibit 3). The same day Vipin Patel, Defendant's office manager at the Winslow Drive Office, contacted and notified Mayank Patel as to the pending lawsuit and motions. (Doc. 9, Exhibit 2). Mayank Patel thereafter notified Defendant's attorney, Robert J. Mann. (Doc. 9, Exhibit 2). On October 11, 2007, the Clerk of the Court entered default against Defendant for failure to plead or otherwise appear. (Doc.

7). On November 2, 2007, Defendant filed a motion to vacate default judgment and for leave to file an answer in response to plaintiff's complaint. (Doc. 9).

Entry of Default Standard:

Defendant moves to vacate the entry of default pursuant to Rule 60(b), and the plaintiff objects. *See* Rule 60(b), Fed. R. Civ. P. In this case, an entry of default has been made, but no default judgment has been entered yet. The proper procedural mechanism for seeking relief from an entry of default is a motion to set aside entry of default pursuant to Rule 55(c). *See* Rule 55(c), Fed. R. Civ. P. Rule 60(b) applies only to final judgments or orders, and entry of default is not a final judgment. *See Frontier Insurance Company v. Blaty*, 454 F.3d 590, 595 (6th Cir. 2006). A stricter standard applies for setting aside a default once it has ripened into a judgment. *Id*. Specifically, once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation as reflected in Rule 60(b). *See O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Therefore, the court will construe the defendant's motion as a Rule 55(c) motion. *Frontier Insurance Company*, 454 F.3d at 595.

Default judgment "is a drastic step which should be resorted to only in the most extreme cases." *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Cases should be decided on the merits. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (6th Cir. 1974).

Here, default has been entered. Default can be set aside "for good cause shown." Rule 55(c), Fed. R. Civ. P. Three factors are considered in determining whether there is good cause to set aside a default: whether plaintiff will be prejudiced if the case is re-opened, whether defendant asserts a meritorious defense, and whether defendant's culpable conduct led to the default. *United Coin Meter Co.*, 705 F.2d at 845, *Berthelsen*, 907 F.2d at 620. The delay caused by a defendant's failure to promptly answer will not alone demonstrate that plaintiff has been prejudiced by setting aside the default. *Id*. Prejudice may be shown by a loss of evidence, increased difficulties conducting discovery, greater opportunities for fraud and collusion, and the like. *Id*.

Analysis:

Defendant has shown good cause to set aside the entry of default. Mayank Patel inadvertently failed to notify Corporate Service Company of his new address and thus did not receive Plaintiff's summons and Complaint until October 10, 2007. (Doc. 9, Exhibit 2). Once the Defendant received notice of the pending lawsuit and entry of default, it promptly notified Mayank Patel, who in turn notified Defendant's attorney Robert J. Mann. Mann then promptly filed its motion to vacate and leave to answer. (Doc. 9, Exhibit 2). Any fault in the failure to answer should be attributed to Defendant's attorney and not to them. *See, Buck v. U.S. Dept. of Agric.*, 960 F.2d 603, 608 (6th Cir. 1992); *INVST Fin. Group v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 400 (6th Cir. 1987).

Further, Defendant states its defenses to Plaintiff's complaint are meritorious. (Docs. 9, 11). Cases should be decided on the merits. *Schwab v. Bullock's, Inc.*, 508 F.2d

5

353, 355 (6th Cir. 1974).  Therefore, Defendant has shown good cause to set aside entry of default pursuant to Rule 55(c), Fed. R. Civ. P.

Conclusion:

For the reasons set out above, the Magistrate Judge finds that Defendant's November 2, 2007 motion to vacate and for leave to file an answer in response to plaintiff's complaint (Doc. 9) is meritorious; and therefore, RECOMMENDS that it be GRANTED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                s/Mark R. Abel  
                                                United States Magistrate Judge